By the Court.
Cleveland E. Frazier, defendant in error, brought suit in the court below for malicious prosecution, and recovered judgment. It appears that a forged check had been presented at the bank for payment. When the paying teller turned around to inquire as to the account of the alleged signer of the check, the party presenting the check fled. Frank Dock, the paying teller, a few minutes later, left the bank for lunch, and a short distance away discovered Frazier, who, Dock believed, answered the description of the party presenting the check. Dock accosted the party and invited him to go to the bank, where he was questioned, and asked to give specimens of his handwriting. The president, Mr. Felty, was called in, and both Dock and Felty believed the handwriting corresponded with that contained in the forged *247 check. A policeman was sent for and Frazier was arrested and detained until the following morning, when he was released on bond. No indictment was returned and the prosecution was thereby ended.
At the outset an interesting question of authority to bind the bank is raised. It is contended that no money having been obtained upon the forged check, and the check itself having been left with the bank, that the bank had no private interest in the prosecution, and therefore could not be bound by the action of the paying teller, or even of the president, in causing the arrest. It is also claimed that neither the paying teller nor the president had implied authority to cause such arrest and that they did not in fact do so.
We are not without doubt upon this subject, but our conclusion based upon what we consider to be the better reasoning is that a bank may be held liable for an arrest where made by the president and general manager of the bank. Such president and manager would have implied authority if he at the time was acting for the bank and in the course of the bank’s business. Whether he did so act and whether he caused the arrest of Frazier were questions of fact for the jury, under the evidence.
Counsel for plaintiff in error also contend that the cause was tried upon the theory that it involved the question of the actual guilt of Frazier and not merely the question of reasonable ground for the arrest.
The defense below to some extent put in issue the actual guilt of Frazier. To the extent that plaintiff’s evidence was in rebuttal to the evidence offered by defendant it was competent.
*248 The plaintiff below offered two witnesses in chief, Frazier himself, and one Mackert who was with Frazier at the time Dock apprehended him. Mackert was an important witness for the plaintiff. After cross-examination of Mackert for a time, the trial court stated that the cross-examination had previously been limited to five minutes, and, when that time and one minute more had expired, the trial court upon that ground refused to permit any further cross-examination of the witness. Counsel conducting the cross-examination stated that he desired to cover certain additional subjects, which he would disclose fully, in the absence of the jury, if permitted. This the trial court refused upon the ground that the time limit had expired. It is possible that a trial court may in a proper case fix a time limit for cross-examination, yet we cannot escape the conclusion that the cross-examination of a witness is an important right and that subject-matter rather than time should constitute the limitation. We cannot resist the conclusion that a limitation of five or six minutes on the cross-examination of an important witness, as shown by the record, is wholly insufficient. It does not appear that the case of Fabian v. State of Ohio, 97 Ohio St., 184, involved a time limit, but even if the trial court has a discretion to impose a time limit it should not be so applied as to take away the right of a fair cross-examination.
A more serious error occurred, however, in the scope of the testimony of Thomas F. Hudson and J. P. Brown, as to the statements of one H. J. Furrow, whom they believed to be the party who actually presented the check for which Frazier was *249 arrested. This testimony was offered in rebuttal and was incompetent and prejudicial. It involved no question of rebuttal, and further it brought into the case the question of Furrow’s guilt or innocence which was entirely collateral and formed no part of the issues on trial. The testimony was also hearsay evidence and sought to bring before the court declarations or confessions of Furrow. Even if competent such facts could only have been proven by parties having actual knowledge. The trial court at the conclusion of Hudson’s testimony undertook to eliminate certain portions of the testimony, but did not clearly eliminate all the objectionable part. We also think the handwriting of Furrow was incompetent evidence. The handwriting of Frazier was put in evidence and the issue was as to whether Frazier wrote the forged check, consequently the only handwriting which could be submitted for comparison was the admitted or clearly proven handwriting of Frazier. (Bragg v. Colwell, 19 Ohio St., 407, 412, and Pavey v. Pavey, 30 Ohio St., 600.) The handwriting of Furrow could not be brought in as a standard of comparison, consequently the admission of Exhibits Nos. 1 and 3 would be incompetent and prejudicial. We find no other prejudicial error in the record.
For the errors above stated the judgment is reversed, and the cause remanded for new trial.

Judgment reversed, and cause remanded.

Allread, Ferneding and Kunkle, JJ., concur.