JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Upon review of the record presented and the arguments of the parties, we affirm the decision of the trial court for the following reasons.
 {¶ 2} The parties were married in December 1988. Plaintiff/appellee ("Husband") filed for divorce on the grounds of gross neglect of duty and incompatibility on September 21, 2001. Defendant/appellant ("Wife") filed an answer and counterclaim for divorce with requests for a restraining order and support pendente lite on October 9, 2001. Husband responded to the counterclaim on October 29, 2001. In an order dated December 12, 2001, the assigned magistrate granted the wife's pretrial motion for support and ordered that the husband pay $100 per month in spousal support; additionally, that he pay the mortgage, real estate taxes, utilities and insurance on the marital residence. Further, the trial court granted wife's request for a restraining order such that the husband was precluded from selling or otherwise encumbering the marital residence and was further restrained from removing a 1989 Lincoln automobile from the wife's possession pending the final disposition of the case.
 {¶ 3} A trial on the merits was held before a magistrate on August 16, 2002, and the magistrate's decision was issued on December 4, 2002. The magistrate found that the parties were entitled to a divorce on the grounds of incompatibility and that their separation date was July 6, 2001; the period of the marriage was deemed to be from December 15, 1988 through October 9, 2001 (the effective date of the temporary support order).
 {¶ 4} The wife filed objections to the magistrate's decision, but did not submit a transcript of the proceedings because the "trial court reporter * * * indicated to [wife] that, due to her heavy workload, the trial transcript would not be ready/prepared" in time to attach to the Objections (Record, 22). Wife's objections to the magistrate's decision were overruled by the trial judge on January 17, 2003; the magistrate's findings were adopted and a final divorce decree was issued on February 5, 2003.
 {¶ 5} Appellant wife files a timely appeal and presents the following assignment of error for our review:
"The trial court committed reversible error in overruling the defendant-appellant's objections to the magistrate's decision without explanation."
 {¶ 6} Civ.R. 53 governs proceedings before a magistrate and the trial court's duties in accepting or rejecting magistrates' rulings. A party has 14 days from the issuance of a magistrate's decision to file objections with the trial judge; the objections shall be specific and state with particularity the grounds of objection. Civ.R. 53(E)(3)(b). Any objection to a magistrate's finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is unavailable. Civ.R. 53(E)(3)(c).
 {¶ 7} Appellant timely filed objections to the magistrate's decision, which were ruled on without a hearing. Civ.R. 53(E)(4)(b) states in pertinent part:
 {¶ 8} "(b) Disposition of objections. The court shall rule on any objections the court may adopt, reject or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
 {¶ 9} Hence, the trial judge was not required to hold a hearing prior to overruling the appellant's objections, nor does the appellant cite any authority to support her assertion that the trial court was required to give" an explanation" of why it was adopting the magistrate's findings. Moreover, the appellant failed to file a transcript for the trial court's review and there is no evidence in the record that the appellant sought an extension of time to file the transcript pertinent to her objections or that she attempted to file the transcript at a later date. Her objections were filed on December 18, 2002 and were not ruled on until January 17, 2003; appellant had nearly 30 days to attempt to procure and file a transcript to support her objections or to file for leave to do so once the transcript became available. She did file an affidavit with her objections; however, it was not a reflection of "all the evidence" presented at trial, as required by the applicable rule, but was instead a self-serving characterization of the trial proceedings. The trial court was, therefore, unable to conduct a meaningful and independent review of the allegations contained in the affidavit and objections for lack of a transcript.
 {¶ 10} When a party objecting to a magistrate's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings "will be limited to whether the trial court's adoption of [the findings] constituted an abuse of discretion." Proctor v. Proctor (1988),48 Ohio App.3d 55, 63. That is, an appellate court is precluded from considering the transcript of the hearing on appeal and may only examine the trial court's decision to determine whether the application of the law to the magistrate's factual findings constitutes an abuse of discretion. State ex rel. Duncan v.Chippewa Twp. Trustees, 73 Ohio St.3d 728, 730, 1995-Ohio-272;Ney v. Ney, Cuyahoga App. No. 81546, 2003-Ohio-1349. Therefore, because appellant failed to provide the trial court with a copy of the transcript to support her objections, our review is limited to determining whether the court abused its discretion in adopting the magistrate's report. Brown v. Brown (Sept. 20, 2001), Cuyahoga App. No. 78551, citing High v. High (1993),89 Ohio App.3d 424, 427.
 {¶ 11} An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994),71 Ohio St.3d 466, 470; State v. Moreland (1990), 50 Ohio St.3d 58, 61;State v. Adams (1980), 62 Ohio St.2d 151, 157. In order to find an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256.
 {¶ 12} In the case at bar, we find no abuse of discretion in the trial court's actions. In our review of the magistrate's decision, we accept the factual findings and find that the appropriate rules of law were applied to those findings. The trial court had sufficient basis upon which to analyze the issues and to apply appropriate rules of law in reaching its decision to adopt the magistrate's decision and to issue an order for divorce in accordance with those recommendations. Appellant's sole assignment of error is overruled.
 {¶ 13} The judgment is affirmed.
Judgment affirmed.
Cooney and Gallagher, JJ., concur.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.