**READNOWER, Appellee,**

v.

**READNOWER, Appellant.**

[Cite as *Readnower v. Readnower*, 162 Ohio App.3d 347, 2005-Ohio-3661.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2004 CA 100.

Decided July 15, 2005.

Terry L. Lewis, for appellee.

J. Andrew Root, for appellant.

Donovan, Judge.

{¶ 1} Pamela Readnower is appealing the judgment of the domestic relations division of the Greene County Common Pleas Court, which ordered her ex-husband to pay her spousal support in an amount that she argues is insufficient.

{¶ 2} Pamela and Douglas Readnower [1] were married on July 28, 1972. After 30 years of marriage and two children, the parties separated in February 2003. Throughout the course of the marriage, Pamela was committed to raising their children and working in the home. Occasionally, Pamela worked part time outside the home, but she never made more than $7,000 a year. Pamela has only a high school education, while Douglas has a college degree. During the marriage, Douglas was the primary breadwinner, and during the final years of marriage, he earned between $111,000 and $145,951 a year. Although in 2003, Douglas grossed $111,000, he grossed $145,951 in 2000 and $127,774 in 2001. His average income over those three years was $128,241.67.

{¶ 3} In addition to his salary, Douglas received $8,881 toward his retirement, $2,940 in health-insurance premiums, and a company vehicle. Douglas testified that he would have paid $447 a month for the same vehicle if he had had to pay for it himself.

{¶ 4} Prior to their divorce, the parties lived in a home in Beavercreek, Ohio, valued at between $218,000 and $230,000. The mortgage on the property was approximately $140,000, with monthly payments of $1,404. Douglas chose to remain in the home and paid Pamela $35,000 for her share of equity in the home. Additionally, Pamela received $37,355 as her share of their retirement accounts and $20,000 as her share in Douglas's business.

{¶ 5} The final hearing in this matter was delayed due to the parties' need for some time to negotiate a property division. The court's pretrial order indicated that each side would be given half of the allotted two and a half hours for its case. The final hearing was conducted on May 4, 2004. The parties attempted to settle

---

1. In the interest of clarity, the parties will hereinafter be referred to by their first names.

the entire case. This negotiation took all but 40 minutes of the scheduled time for the hearing. Thereafter, the court gave each side less than 20 minutes to present its case. In this abbreviated period of time, the parties were to present evidence on the unresolved issues of spousal support, attorney fees, and the division/valuation of Douglas's corporation. The court heard from only Douglas and his expert witness, who testified to the value of Douglas's business. Pamela's time was exhausted in cross-examining Douglas's witnesses, and therefore, she was not permitted to call any witnesses of her own. The court did permit her to proffer evidence on the subject of spousal support and other issues. Subsequent to the hearing, the parties have resolved the issues of attorney fees and the division/valuation of the corporation.

{¶ 6} On August 30, 2004, the trial court issued a final judgment and decree of divorce. The order set spousal support at $1,750 per month for a period of 20 years. Pamela now appeals from this spousal support award, raising the following assignments of error.

{¶ 7} "[I.] The trial court abused its discretion by not allowing more time for testimony at the trial.

{¶ 8} "[II.] The trial court abused its discretion in the amount and duration of its spousal support award."

Appellant's First Assignment of Error

{¶ 9} Pamela argues that the trial court abused its discretion in allowing each of the parties only 20 minutes at the hearing to present their evidence on several unresolved issues. We agree.

{¶ 10} We note at the outset that trial courts are given great deference in controlling their dockets, and therefore, a reviewing court uses an abuse-of-discretion standard when reviewing a trial court's efforts in this area. *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078. An abuse of discretion occurs where a trial court exhibits an attitude that is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 11} A trial court does have the discretion to limit questioning of witnesses if the "probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." Evid.R. 403(B); *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 436 N.E.2d 1008. However, this court noted in *Farmers Natl. Bank of Springfield v. Frazier* (1920), 13 Ohio App. 245, that a trial court's limitation of cross-examination of a witness to five or six minutes was "wholly insufficient" and an abuse of discretion. We noted that "cross-examination of a witness is an important right and the subject-matter

rather than time should constitute the limitation." Id. Although courts have upheld a trial court's limitation on cross-examination where the cross-examiner is asking few clear or relevant questions, that situation did not occur in this case. *Weiner v. Kwiat,* Montgomery App. No. 19289, 2003–Ohio–3409, 2003 WL 21487995, ¶ 82–84; *Williamson v. Williamson* (Dec. 8, 1988) Franklin App. No. 98AP–213, 1998 WL 869568. Additionally, time limitations on evidence have been upheld when the appellant has not asserted what additional evidence he would have offered or how it would have changed the court's judgment. *Lynchburg v. Higgins* (C.A.6, 1987), 822 F.2d 1088.

{¶ 12} In the instant case, the trial court originally scheduled two and a half hours for the final hearing in this case. The court had previously scheduled several dates for the final hearing. However, on each of these dates, the parties entered into negotiations that consumed the entire scheduled time. On May 4, 2004, when the parties appeared for the final hearing, the parties once again entered into negotiations in an attempt to settle the matter. Finally, the parties determined that they would not be able to come to a complete agreement. Rather than set another date for the final hearing, the trial court determined that the remaining scheduled time for the hearing would be divided between the parties. It appears that approximately 40 minutes remained and thus, the court gave the parties only 20 minutes each to present evidence on the three remaining issues of spousal support, attorney fees, and valuation/division of Douglas's business. At the time the court permitted the first witness to testify, the court noted that the parties had only 35 minutes remaining.

{¶ 13} Both Douglas and his expert testified at the hearing. However, during cross-examination of Douglas's second witness, the trial court stopped Pamela's attorney and told him that his time was up. Pamela was not permitted to present her own testimony nor an expert's testimony on the three unresolved issues.

{¶ 14} Pamela's attorney proffered that he had come to every scheduled final hearing ready and willing to conduct the hearing but that Douglas's counsel had each time pressed to negotiate a settlement. Pamela's counsel reiterated that the settlements Douglas's counsel had proposed were always far from Pamela's position, and the negotiations often consisted of Douglas's counsel attempting to convince Pamela to concede to lesser amounts of money. Pamela's counsel maintained that if permitted to do so, he would have called Pamela to testify as to her role as a homemaker for 30 years, her low potential for income, and her need for spousal support. He also proffered that he would have called Pamela's expert on the valuation of Douglas's business.

{¶ 15} A review of the record demonstrates that the trial court appeared to be annoyed with the attorneys in this matter for previously negotiating when they arrived at the court for scheduled final hearings on this case. The court

appeared displeased (perhaps justifiably) that it had had to reschedule the final hearing in this matter on several occasions. Although we understand that continuously resetting a final hearing is an added stressor to a trial court's docket and an inconvenience, we do not believe that it justified the trial court's actions in this matter. If the court did not want the attorneys waiting until the scheduled hearing to engage in negotiations, the court should not have allowed them to engage in negotiations on May 4, 2004, for a protracted period of time. The court had the option to start the hearing at the time it was set to begin.

{¶ 16} The parties in this case were required to present evidence on three significant issues—spousal support, attorney fees, and the valuation/division of Douglas's business. Evidence relating to Douglas's business alone could be quite lengthy. In *Farmers,* we found that only six minutes to cross-examine a witness constituted an abuse of discretion; thus, it follows that confining a party to less than 20 minutes to present its entire case is "wholly insufficient" and an abuse of discretion. The court's decision resulted in Pamela's not being able to present evidence at the hearing. Most problematic, Pamela was unable to present evidence on the issue of spousal support, which is still in dispute. Confining the parties to less than 20 minutes to present evidence on spousal support, attorney fees, and valuation/division of a business is arbitrary and unreasonable.

{¶ 17} Douglas argues that even if the court erred in limiting the time to present evidence, the outcome of the spousal support issue would be the same. Thus, pursuant to *Lynchburg,* Douglas urges this court to find that the trial court did not abuse its discretion. We cannot agree with Douglas that *Lynchburg* applies here because Pamela maintained that she possessed additional evidence to present at the hearing. Thus, the outcome would not necessarily have been the same if she had presented her evidence. Based on her counsel's proffer, Pamela was barred from testifying that she had made sacrifices for her family and, therefore, did not develop any marketable skills. Pamela was not permitted to testify regarding her ability to find employment and the salary that she could receive. Also, Pamela was not able to testify as to her need for spousal support. Pamela's attorney proffered that Pamela would have testified that she needed $2,100 to $2,400 a month just to meet her basic expenses, such as housing, health insurance, and car insurance. Further, Pamela's attorney stated that she would have testified regarding how she calculated her need for $2,100 to $2,400 a month. Considering that the court awarded her only $1,750 a month, it is possible that with evidence of her need for $2,400 a month, the court would have ordered a greater amount of spousal support.

{¶ 18} The trial court's limitation of less than 20 minutes for each side to present evidence on spousal support, attorney fees, and the valuation/division of a

business was an abuse of discretion that may have affected the court's award of spousal support. Pamela's first assignment of error is sustained.

### Appellant's Second Assignment of Error

{¶ 19} Pamela argues that the trial court erred in the amount of spousal support that it awarded her. We need not determine whether the trial court erred in calculating the amount of spousal support because our decision to sustain the first assignment of error renders this assignment moot.

{¶ 20} However, we note that when an appellate court is reviewing a trial court's award of spousal support, it is helpful to the appellate court if the trial court provides something in the record as to how it was calculated or the reasons for the amount of the award. In this case, the trial court's final entry discusses reasons justifying an award of spousal support, but the court does not provide any of its rationale for the amount awarded. While a court has great discretion in determining the amount of spousal support, it is helpful to an appellate court for a trial court to provide its rationale in reaching this determination. A similar lack of reasoning was determined to be an abuse of discretion in *Cronin v. Cronin,* Greene App. Nos. 02–CA–110 and 03–CA–75, 2005-Ohio-301, 2005 WL 188191. Therefore, on remand we would recommend that the trial court provide in its judgment entry not only its finding that a spousal support award is necessary, but also its reasoning in calculating the amount of the award.

{¶ 21} Pamela's second assignment of error is rendered moot by our determination of the first assignment of error.

{¶ 22} The judgment of the trial court is reversed and remanded.

Judgment reversed.

BROGAN, P.J., and WOLFF, J., concur.