[Cite as *Fritz v. Fritz*, 2013-Ohio-2536.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 98977

---

# VERONICA A. FRITZ

### PLAINTIFF-APPELLEE

vs.

# TIMOTHY WERNER FRITZ

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case Nos. CP D-335502 and D-337114

**BEFORE:**   Kilbane, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   June 20, 2013

**ATTORNEY FOR APPELLANT**

Richard A. Goulder
15887 Snow Road
Suite 301
Brook Park, Ohio 44142

**ATTORNEY FOR APPELLEE**

Susan P. Stauffer
1223 West Sixth Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Timothy Fritz ("Timothy"), appeals the trial court's judgment adopting the magistrate's decision and granting a divorce to plaintiff-appellee, Veronica Fritz ("Veronica"). For the following reasons, we affirm.

**{¶2}** In February 2011, Veronica filed for divorce from Timothy.[1] They married in 1995, and two children were born as issue of the marriage. At the time of the complaint, one child was 16 years old and the other child was 6 years old. The matter proceeded before a magistrate in May 2012. The magistrate issued a decision in June 2012, which was amended in July 2012. Timothy filed timely objections to the magistrate's decision, claiming the magistrate's award of spousal support is not supported by the evidence, the visitation provisions are unreasonable, the distribution of marital property is inequitable, and the support calculations are unreasonable. However, Timothy did not file a trial transcript or an affidavit with his objections as required by Civ.R. 53(D)(3)(b)(iii).[2] The trial court overruled Timothy's objections and adopted the magistrate's decision in August 2012, which was corrected by a nunc pro tunc order in September 2012.

---

[1]Timothy filed for divorce in June 2011; both cases were consolidated by the trial court.

[2]Civ.R. 53(D)(3)(b)(iii) provides that any objection to a magistrate's factual finding "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

**{¶3}** Timothy now appeals, raising the following five assignments of error for review.

### Assignment of Error One

The trial court erred in failing to consider [Veronica's] voluntary unemployment and/or underemployment prior to awarding spousal support.

### Assignment of Error Two

The trial court erred by not reserving jurisdiction to modify spousal support.

### Assignment of Error Three

The trial court erred by failing to expand [Timothy's] visitation with the parties' minor child.

### Assignment of Error Four

The trial court erred by awarding all motor vehicles to [Veronica].

### Assignment of Error Five

The trial court erred in ordering [Timothy] to pay the sum of $5,372.64 annually in child support.

**{¶4}** As an initial matter, we must note that Timothy failed to file a transcript or affidavit by which the trial court could review the magistrate's findings of fact. Timothy's objections were filed in July 2012 and were ruled on by the trial court in September 2012. Timothy did not file the transcript with the trial court until October 2012. As a result, the trial court was unable to conduct a meaningful and independent review of the allegations contained in Timothy's objections for lack of a transcript. We must, therefore, presume regularity. *Bailey v. Bailey*, 8th Dist. No. 98173,

2012-Ohio-5073, ¶ 8. When an objecting party fails to timely file a transcript or affidavit, a trial court must accept the magistrate's findings of fact and limit its review to the magistrate's legal conclusions. *Id.*, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-965, 2012-Ohio-1665.

{¶5} On appeal, our review is limited to determining whether the trial court abused its discretion in accepting and adopting the magistrate's decision. *Dancy v. Dancy*, 8th Dist. No. 82580, 2004-Ohio-470, ¶ 10. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

> In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.

*Dancy* at ¶ 11, citing *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 1996-Ohio-159, 662 N.E.2d 1.

{¶6} We find no abuse of discretion in the trial court's actions. The magistrate's decision extensively analyzed the proper legal standards used to determine spousal and child support, child visitation, and the distribution of marital property. In our review of the magistrate's decision, we must accept the factual findings and find that the appropriate rules of law were applied to those findings. The trial court had sufficient basis upon which to analyze the issues and to apply appropriate rules of law in reaching

its decision to adopt the magistrate's decision and to issue an order for divorce in accordance with those recommendations. *See Dancy* at ¶ 12.

{¶7} Therefore, the first, second, third, fourth, and fifth assignments of error are overruled.

{¶8} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR