[Cite as *In re A.L.*, 2013-Ohio-5120.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99040

---

# IN RE: A.L., ET AL.
# Minor Children

[Appeal By C.C.J., Mother]

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU-10107299 and CU-10107300

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 21, 2013

**ATTORNEY FOR APPELLANT**

Brian J. Darling
John Duffy & Associates
23823 Lorain Road
Suite 270
North Olmsted, Ohio   44070


**ATTORNEY FOR APPELLEE**

Gregory J. Moore
Stafford Law Co., L.P.A.
55 Erieview Plaza
5th Floor
Cleveland, Ohio   44114


**GUARDIAN AD LITEM**

Vickie L. Jones
P.O. Box 110771
Cleveland, Ohio   44111

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, C.C.J. ("mother"), appeals from the trial court's adoption of the magistrate's decision in the custody dispute between her and appellee, H.L. ("father"). Mother claims the trial court erred in adopting the magistrate's decision because the magistrate impermissibly limited the time she had to present her case, and the trial court failed to undertake a sufficient independent review of the record before adopting the decision. After a thorough review of the record and law, this court affirms the decision of the trial court.

## I. Factual and Procedural History

{¶2} The parties were never married but lived together for a number of years and had two children. In June 2010, a domestic dispute resulted in the police coming to the home where mother, father, their two children, and the children's maternal grandmother lived. The lease for the home was in father's name alone, so mother was forced to leave. She removed the children on June 17, 2010. She then resided in Westlake.

{¶3} By that time, father had already filed a complaint on April 26, 2010, seeking to determine the issue of custody of the couple's two children, C.S. (d.o.b. January 21, 2006) and A.L. (d.o.b. January 20, 2004). A guardian ad litem ("GAL") was appointed to represent the children. The parties reached an interim settlement for parenting time, according to the magistrate's order dated August 3, 2010. The agreement called for equal shared parenting time — the children would live with one parent for an entire week and then with the other parent for a week. A child support order was issued on

November 29, 2010, providing that father pay $1,391.51 per month plus a 2-percent surcharge.

{¶4} In September 2010, mother removed the children from the North Royalton schools and enrolled them in the Westlake school system without informing father, the GAL, the school, or the court. As a result, father filed an emergency custody motion, seeking temporary custody and for the children to be re-enrolled in the North Royalton schools. The motion also alleged that mother filed false domestic violence charges against him in two municipal jurisdictions in an effort to prevent him from visiting the children. As a result of the filed charges, temporary protection orders were issued that prevented father from seeing his children. The GAL also filed her report, which recommended father be designated the residential parent. The magistrate granted father's motion, which was affirmed by the trial court over mother's objection.

{¶5} The case proceeded to a trial on February 28, 2012, where father presented his case; but trial was continued to July 31, 2012. In the interim, an in camera interview of the children was conducted with questions posed to them by the magistrate. At trial, mother presented her case and the matter was submitted to the magistrate for recommendation. The magistrate issued a four-page opinion on August 13, 2012. It noted that at the close of mother's case, she objected to the time constraints placed on the presentation of her case. The magistrate's opinion states that counsel for mother

> did not proffer what evidence she was precluded from offering, nor how her client was prejudiced by the limitation. It should be noted that mother issued no subpoenas, had no witnesses waiting to testify and also had not

complied with the Court's order about filing exhibits in advance. Mother's objection is noted but overruled.

**{¶6}** The magistrate went on to find that testimony of significant psychological and physical abuse of the children, mother, and grandmother by father existed, but that no evidence of such abuse arose until after mother moved in with her new boyfriend, and no evidence of such abuse was indicated in the magistrate's in camera interview of the children. The magistrate also noted father's testimony that mother left several times, abandoning the children. However, the grandmother testified that mother did not leave the house until father kicked them out in June 2010.

**{¶7}** The magistrate found particularly disturbing, taped conversations mother had with her children where they expressed that they wished to live with mother. However, those conversations were recorded after the in camera interview, where neither child wished to choose one parent over the other and after the court specifically advised the parties not to discuss the custody dispute with the children, but to refer the children to the GAL if the children persisted in discussions. The magistrate noted that the children were crying hysterically during these taped conversations and concluded that mother forced the children to make these statements. The magistrate made father the residential parent and imposed supervised visitation requirements on mother.

**{¶8}** On August 27, 2012, mother filed 47 objections to the magistrate's decision, pro se, but she did not file a transcript of the proceedings or seek additional time to file a transcript. The trial court adopted the magistrate's decision in an interim decision on September 5, 2012. The court also issued an order on October 4, 2012, which separately

overruled mother's objections to the magistrate's decision. Mother then filed the instant

appeal assigning two errors for review:

> I.   The trial court's denial of [mother's] objection #16 was an abuse of discretion because the magistrate's imposition of an arbitrary time limit violated [mother's] due process rights under the Fourteenth Amendment by denying [mother's] counsel the opportunity to cross-examine the guardian ad litem.

> II.   The failure to review the transcript of the proceedings prior to overruling the objections to the magistrate's decision was an abuse of discretion on the part of the trial court, pursuant to Ohio Rules of Civil Procedure, Rule 53(D)(4)(d).

## II.   Law and Analysis

**{¶9}** For ease of discussion, the assigned errors will be addressed out of order.

### A.   Standard of Review

**{¶10}** On appeal, this court examines the trial court's decision adopting or

rejecting a magistrate's decision for an abuse of the court's discretion. *Dancy v. Dancy*,

8th Dist. Cuyahoga No. 82580, 2004-Ohio-470, ¶ 10.   Such an abuse is denoted by an

unreasonable, arbitrary, or unconscionable choice. *Blakemore v. Blakemore*, 5 Ohio

St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B.   Failure to Review the Record

**{¶11}** In her second assignment of error, mother claims the trial court could not

undertake an independent review of the record because it never reviewed the transcript of

the proceedings before the magistrate.   Generally, before adopting a magistrate's

decision, the trial court must undertake an independent review of the case.   Civ.R.

53(D)(4)(d).   However, when a party objects to factual findings of the magistrate and

wishes to properly preserve those challenges for consideration by the trial court, the party must supply the court with a transcript of the proceedings. Civ.R. 53(D)(3)(b)(iii). This rule provides,

> The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

Where a party fails to timely file a transcript or affidavit of evidence, the party waives any objection to factual findings. *Ramsey v. Hurst*, 5th Dist. Licking No. 12-CA-70, 2013-Ohio-2674, ¶ 23. Civ.R. 53(D)(3)(b)(iii) places the burden on the objecting party to supply the court with a basis to dispute factual findings made by the magistrate.

**{¶12}** Further, "[t]he Supreme Court of Ohio has stated that where the objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, an appellate court is precluded from considering the transcript of the magistrate's hearing submitted with the appellate record." *Palmer v. Palmer*, 7th Dist. Belmont No. 12 BE 12, 2013-Ohio-2875, ¶ 16, citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). *See also State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter").

**{¶13}** Mother failed to provide a transcript for the trial court's review. She caused the error of which she now complains. Therefore, this assignment of error is overruled.

### C. Temporal Restrictions on Evidence

**{¶14}** Mother claims the trial court impermissibly limited the time within which she could present her case. Evid.R. 611(A) provides that courts

> shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

Indeed, "[t]rial courts are given great deference in controlling their dockets, and therefore, a reviewing court uses an abuse of discretion standard when reviewing a trial court's requirements in this area." *Mathewson v. Mathewson*, 2d Dist. Greene No. 05-CA-035, 2007-Ohio-574, ¶ 26. Such limitations on the presentation of evidence "have been upheld where a party has not identified what additional evidence the party would have offered or how that evidence could have changed the court's judgment." *Id*. at ¶ 27, citing *Readnower v. Readnower*, 162 Ohio App.3d 347, 2005-Ohio-3661, 833 N.E.2d 752, ¶ 11 (2d Dist.).

**{¶15}** But a trial court's limitations of the presentation of evidence must be reasonable. *In re Kister*, 194 Ohio App.3d 270, 2011-Ohio-2678, 955 N.E.2d 1029, ¶ 48 (4th Dist.). A two-hour period within which to present the entirety of one's case in a custody dispute may or may not be reasonable based on the number of witnesses and the complexity of the issues involved. However, without reference to the transcript in the

present appeal, this court has no basis to determine whether the magistrate's limitations were unreasonable.

{¶16} As explained above, if an objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, "the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." *State ex rel. Duncan*, 73 Ohio St.3d at 730, 1995-Ohio-272, 654 N.E.2d 1254. Mother relies on items in the transcript of the proceedings before the magistrate to support her argument in this assigned error. However, such reference to the transcript is inappropriate on appeal because the transcript was not available for the trial court to review. Therefore, we are left with a May 9, 2011 order setting forth a limitation on the presentation of each side's case, to which no one objected prior to trial. We further have the magistrate's decision documenting a lack of prejudice to the parties. The magistrate noted,

> [a]t the end of her case, counsel for mother objected to the time limitations placed on the parties. Counsel did not proffer what evidence she was precluded from offering, nor how her client was prejudiced by the limitation. It should be noted that mother issued no subpoenas, had no witnesses waiting to testify and also had not complied with the Court's order about filing exhibits in advance. Mother's objection is noted but overruled.

{¶17} Mother claims she was prevented from questioning the GAL at trial, but that statement depends on a reading of the transcript. Because none was provided to the trial court, that claim is unsupported.

{¶18} Mother cites to cases involving the termination of parental rights for due process parameters, but this case does not involve the termination of her parental rights. She still retains those rights after this case. This case is to determine residential parental rights. A trial court has considerable discretion in the control of a cases on its docket. This court has no substantive means to evaluate mother's argument without reference to the transcript. Therefore, her first assigned error must be overruled.

### III. Conclusion

{¶19} Mother's arguments on appeal take issue with factual determinations or rely on facts in a transcript not properly before this court. Therefore, the decision of the trial court adopting the magistrate's decision over mother's objections must be affirmed.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR