[Cite as *In re Contempt of Digney*, 2015-Ohio-4278.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102736**

# IN RE: CONTEMPT OF TRACY DIGNEY

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-14-910581 and AD-14-910582

**BEFORE:** E.A. Gallagher, J., Keough, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 15, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga CountyProsecutor
BY: Michelle A. Myers
      Dale F. Pelsozy
Assistant Prosecuting Attorneys
Cuyahoga County Division of Children and Family Services
3955 Euclid Avenue
Cleveland, Ohio 44115


**ATTORNEY FOR MOTHER**

John Patrick Hyland
Cuyahoga County Public Defender
9300 Quincy Avenue
Cleveland, Ohio   44106

**ATTORNEY FOR FATHER**

Christopher R. Lenahan
2035 Crocker Road
Suite 104
Westlake, Ohio 44145

**GUARDIAN AD LITEM**

Gregory T. Stralka
6509 Brecksville Road
P.O. Box 31776
Independence, Ohio 44131

EILEEN A. GALLAGHER, J.:

{¶1} Appellant, Tracy Digney, appeals the judgment of the Cuyahoga County Court of Common Pleas Juvenile Division that found her in contempt of court. For the following reasons, we reverse and remand.

{¶2} In the underlying juvenile court case for dependency and temporary custody, a court magistrate issued a case management order requiring the Cuyahoga County Division of Children and Family Services ("CCDCFS") to file a case plan by September 19, 2014.[1] The order noted that a failure to file the case plan by this date may result in a dismissal of the complaint and/or a finding of contempt against the assigned CCDCFS social worker.

{¶3} At a hearing on the matter on November 10, 2014, the assigned magistrate noted that the case plan had been filed four days late, to wit: on September 23, 2014 which was well in advance of the adjudicatory hearing. The court ordered a hearing on a motion to show cause due to the late filing. At the hearing, Digney testified that she prepared the case plan and submitted it to the prosecutor's office at 10:15 a.m. the morning of September 19, 2014 for filing pursuant to CCDCFS protocol, and submitted the case log to support her testimony. The prosecutor's office, as internal protocol dictated, would then file the plan with the court. The magistrate issued an order following the hearing, noting Digney's argument that she complied with her duties by

---

[1]This court takes judicial notice that September 19, 2014 was a Friday.

submitting the case plan to the prosecutor's office, and ordered Digney's counsel to "determine who is responsible for violating this court's order and have that individual present at the next hearing."

**{¶4}** When Digney's counsel failed to produce a responsible party at the subsequent hearing, the magistrate noted that the filing of the case plan is a statutory obligation imposed upon CCDCFS and reiterated that Digney, as the assigned social worker, was responsible for the failure to timely file the case plan. The magistrate found Digney to be in contempt of court and, in court, stated "sentence is three days in the County Jail and $75 fine/fees. The sentence is stayed, the fine is to be paid within 30 days." This sentence is not consistent with that which was journalized. In the journal entry both the magistrate and the court stated "Tracey Digney is fined $75 and sentenced to three (3) days in the Cuyahoga County Jail. Fine to be paid within thirty (30) days. * * * Jail sentence is stayed pending any further violation of court order."

**{¶5}** Digney filed objections to the magistrate's decision arguing that the trial court had abused its discretion by imposing criminal contempt in this instance. On February 24, 2015, the trial court overruled Digney's objections and adopted the magistrate's contempt order.[2] This appeal followed.

**{¶6}** In her sole assignment of error, Digney argues that the trial court abused its discretion in adopting the magistrate's decision finding her in contempt of court.

---

[2] We note for the record, that both the magistrate's decision and the court's order adopting the magistrate decision state that the case plan was to be filed by September 19, *2015*.

{¶7} We review a finding of contempt under an abuse of discretion standard. *In re Contempt of Modic*, 8th Dist. Cuyahoga No. 96598, 2011-Ohio-5396, ¶ 7, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). Likewise, we review a trial court's decision to adopt a magistrate's decision for abuse of discretion. *In re A.L.*, 8th Dist. Cuyahoga No. 99040, 2013-Ohio-5120, ¶ 10, citing *Dancy v. Dancy*, 8th Dist. Cuyahoga No. 82580, 2004-Ohio-470, ¶ 10. An "abuse of discretion" connotes that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} The Ohio Supreme Court has recognized that a contempt sanction can be both civil and criminal. *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 15. A defendant must be proven guilty beyond a reasonable doubt to be punished for criminal contempt, *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980), while civil contempt must be established by clear and convincing evidence. *Sagan v. Tobin*, 8th Dist. Cuyahoga No. 86792, 2006-Ohio-2602, ¶ 34. Clear and convincing evidence implies that the trier of fact must have a firm conviction or belief that the facts alleged are true. *Id*.

{¶9} Criminal and civil contempt are distinguished by the character and purpose of the punishment imposed by the court. *Brown* at 253. Civil contempt is enforced with remedial or coercive sanctions and characterized by conditional sentences while criminal contempt imposes punishment for an act of disobedience and vindicates the authority of the law and the court. *Id.* Criminal contempt is characterized by unconditional

sentences. *Id.* at 254. "Therefore, to determine if the sanctions in the instant cause were criminal or civil in nature, it is necessary to determine the purpose behind each sanction: was it to coerce the appellees to obey * * *, or was it to punish them for past violations?" *Id.* at 254.

**{¶10}** As in *Brown*, the instant case contains both criminal and civil contempt sanctions. Digney's journalized conditional three-day jail sentence is contingent on future compliance with the court's filing deadlines and thus civil in nature. Digney's unconditional $75.00 fine is designed to punish and is criminal in nature. Again, we note that the contempt sanctions that were journalized differ from those dictated in open court.

**{¶11}** Although this case presents differing standards of proof for Digney's contempt punishments, we find that under either standard, the trial court abused its discretion in finding Digney in contempt. The facts in this case are not in dispute. Digney was the sole witness at the contempt hearing and, as such, her testimony was uncontroverted. The trial court's factual findings are consistent with the evidence presented. Digney prepared the case plan and, pursuant to CCDCFS policy, submitted it the morning of September 19, 2014 to the County Prosecutor's Office for filing.

**{¶12}** This is not an instance of a willful violation or intentional disregard of a court order. When the county prosecutor representing Digney asked the magistrate to exercise discretion for what amounted to a harmless filing error outside of Digney's control, the magistrate explained that the filing of the case plan is statutory and provides

no exception for a breakdown in CCDCFS's filing system. The magistrate justified the sanctions on Digney individually because: "The statute is the statute and it's 30 days. And the obligation is on the social worker to see that it's done."

{¶13} However, the statute that the magistrate referenced is R.C. 2151.412(D) which provides in relevant part:

> (D)   Each public children services agency and private child placing agency that is required by division (A) of this section to maintain a case plan shall file the case plan with the court prior to the child's adjudicatory hearing but no later than thirty days after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care. * * * All parts of the case plan shall be completed by the earlier of thirty days after the adjudicatory hearing or the date of the dispositional hearing for the child.

{¶14} Contrary to the trial court's position, R.C. 2151.412(D) places the duty to file the case plan on the agency rather than an individual social worker. This is consistent with Juv.R. 34(F) which similarly places the filing responsibility upon the agency:

> (F) Case plan. As part of its dispositional order, the court shall journalize a case plan for the child. The agency required to maintain a case plan shall file the case plan with the court prior to the child's adjudicatory hearing but not later than thirty days after the earlier of the date on which the complaint in the case was filed or the child was first placed in shelter care. * * *

{¶15} The trial court's erroneous shifting of CCDCFS's statutory burden onto an individual social worker in the context of an undisputed breakdown in CCDCFS's filing procedure that is wholly unrelated to said worker amounts to an abuse of discretion.

{¶16} The abuse of discretion in this instance is further reflected in the magistrate's continuance of the contempt hearing to allow the County Prosecutor's Office

to produce the person responsible for the untimely filing.   When the prosecutor failed to produce a responsible party, the magistrate chose to sanction Digney.

{¶17} The magistrate's decision and the finding of contempt against Digney was unreasonable, arbitrary and unconscionable.   Therefore, we find that the trial court's adoption of that decision to be an abuse of discretion.

{¶18} Digney's sole assignment of error is sustained.

{¶19} This cause is reversed and remanded to the lower court to vacate the finding of contempt and the sanctions imposed consistent therewith.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR