[Cite as *In re S.N.A.-K.*, 2024-Ohio-4494.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE S.N.A-K.                          :

                                        :          No. 113677

A Minor Child                           :

                                        :

[Appeal by S.M.F., Mother]              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 12, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA21705753

---

### *Appearances:*

S.M.F., *pro se.*

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant-mother, S.M.F. ("Mother"), pro se, appeals from the decision of the Juvenile Division of the Cuyahoga County Court of Common Pleas (the "Juvenile Court") that denied her motion to modify custody. For the reasons that follow, we affirm the Juvenile Court's decision.

## Facts and Procedural History

{¶ 2} In December 2022, Father was granted legal custody of the child, S.N.A-K. Between June and October 2023, Mother, acting pro se, filed four motions before the juvenile court: a motion to show cause, a motion to modify custody, a motion to waive GAL fees, and a motion for appointment of a medical expert. The guardian ad litem ("GAL") recommended no changes to the current schedule or custody except for the holidays. On January 22, 2024, a magistrate heard testimony on Mother's motions. The magistrate heard testimony from Mother, Father, and the GAL. Ultimately, the magistrate denied Mother's motions and filed the decision on January 22, 2024. Mother did not file a transcript or an objection to the decision of the magistrate. On February 7, 2024, the juvenile court approved the magistrate's decision. The juvenile court found that Mother failed to meet the burden of proof on her motion to show cause where she had alleged that Father refused to allow her access to medical and educational records. The juvenile court also denied Mother's motion to modify custody based on Father's alleged medical neglect of the child. The juvenile court also denied Mother's motion to waive GAL fees and her request to appoint a medical expert to determine whether S.N.A-K. was medically neglected. The court found the issue moot as the GAL had spoken to the child's pediatricians who did not find the child medically neglected.

{¶ 3} Subsequently, Mother filed an appeal and raises one assignment of error for our review.

## Assignment of Error

The trial court erred and abused its discretion and power in determining the physical custody of S.N.A-K. (Ohio revised code, Title 31 Ch.3109, Section 3109.042, and 3109.043) The Guardian Ad Litem's testimony should be stricken from the record. The Guardian Ad Litem's investigation fell far short of the minimum standards established by the Ohio Supreme Court.

## Law and Analysis

{¶ 4} As a preliminary matter, we note that pro se litigants are held to the same standards as litigants who are represented by attorneys. *In re C.T.T.,* 2019-Ohio-3362, ¶ 9 (8th Dist.). Additionally, they are presumed to have knowledge of legal procedures and the law. *Id.*

{¶ 5} In the instant case, Mother failed to file a transcript of proceedings with the juvenile court nor did she file objections to the decision of the magistrate. Magistrate's decisions and the procedure for filing and ruling on objections to a magistrate's decision are governed by Juv.R. 40. *In re A.C.,* 2019-Ohio-5127, ¶ 18 (8th Dist.). A party has 14 days after the magistrate's decision is filed to file objections. Juv.R. 40(D)(3)(b)(i). If a party timely objects, the juvenile court is required to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d). This "independent review" is a de novo review of the facts and requires the juvenile court to reach its own conclusions about the case issues. *In re A.C.* at ¶ 18, citing *Radford v. Radford*, 2011-Ohio-6263, ¶ 13 (8th Dist.). To this end, the party objecting must file "a

transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Juv.R. 40(D)(3)(b)(iii).

{¶ 6} If a party fails to object to the decision of the magistrate and follow the procedures established in Juv.R. 40, with the exception of plain error, the "party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii)." Juv.R. 40(D)(3)(b)(iv).

{¶ 7} As Mother failed to object, the juvenile court was only "required to review the [magistrate's] decision to determine whether an error of law or other defect existed on the face of the magistrate's decision." *In re S.H.*, 2014-Ohio-4476, ¶ 11 (8th Dist.). Additionally, where a party fails to file a transcript of the proceedings, the juvenile court "may properly adopt a magistrate's factual findings without further consideration." *Id*. at ¶ 13.

{¶ 8} As a result, as a reviewing court, this court is limited to considering whether plain error occurred. *Id*. at ¶ 12. In civil cases, courts are advised to proceed with the "utmost caution" and limit application of plain error "to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). Furthermore, because Mother failed to file a transcript with the juvenile court, we are precluded from considering the transcript of the magistrate's

hearing that Mother submitted as part of the record on appeal. *In re S.H.* at ¶ 14, citing *In re A.L.*, 2013-Ohio-5120, ¶ 12.

{¶ 9} The juvenile court is given broad discretion in custody issues. *In re A.B.*, 2021-Ohio-4613, ¶ 28 (8th Dist.). These decisions will not be disturbed unless the juvenile court abused its discretion. *Id.* An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 10} Mother challenges the GAL's investigation, arguing that he failed to comply with the rules under which he is governed. Mother cites to the Ohio Supreme Court Rules of Superintendence in support of her argument that the GAL violated several sections of Rule 48.03 which discusses the responsibilities of a guardian ad litem. However, while Mother cited to the rule in her issues presented section and her statement of the case and statement of facts included a list of alleged failures in the GAL's performance, she failed to construct an argument to establish how the listed facts, if true, violated the GAL's duties, or how those alleged failures required a modification of legal custody in her favor. Mother's brief therefore fails to meet the requirements of App.R. 16(A)(7) and an appellate court "is not obliged to construct or develop arguments in support of an assignment of error where the appellant has failed to do so." *Olive Oil, L.L.C. v. Cleveland Elec. Illum. Co.*, 2021-Ohio-2309, ¶ 22 (8th Dist.).

{¶ 11} Mother further claimed that the trial court relied upon erroneous findings of facts and unsupported incompetent evidence. Mother has waived any

challenge to the magistrate's factual findings by failing to file objections to the magistrate's decision. Juv.R. 40(D)(3)(b)(iv).

{¶ 12} Here, Mother requested modification of custody because she alleged Father was neglecting S.N.A-K.'s medical care. A court may not modify a decree allocating parental rights unless the court finds based on facts that arose after the decree or facts unknown to the court prior to the decree, that there has been a change in the circumstances of either the child, the child's residential parent, or either parent subject to a shared-parenting decree, and modification is necessary to serve the best interests of the child. *In re E.B.*, 2020-Ohio-4139, ¶ 69 (8th Dist.)

{¶ 13} In other words, the juvenile court may modify the allocation of parental rights and responsibilities if it finds (1) there was a change in circumstances since the last decree; (2) modification is necessary to serve the best interest of the child; and (3) the harm attendant with modification is outweighed by the advantages of an environment change. *In re E.R.P.* 2012-Ohio-1053 ¶16 (8th Dist.), citing R.C. 3109.04(E)(1)(a)(iii). These requirements are necessary to ensure stability to the custodial status of the children and to avoid a constant "tug of war" between the parents. *Id.* The evidence to support a modification must be credible and competent. *Id.* at ¶ 19. The magistrate found and the juvenile court agreed that there had not been a change in circumstances since the assignment of legal custody that warranted a change. Based on the record before us, this court is bound to accept the juvenile court's findings of fact.

{¶ 14} Furthermore, the juvenile court noted in its journal entry that it considered the best interests of the child, summarizing the considerations listed in R.C. 3109.04(F)(1)(a)-(j). February 22, 2024 J/E.

{¶ 15} Based upon our review of the record, we cannot say the juvenile court erred in adopting the magistrate's decision denying Mother's motion to modify custody, nor did the court commit plain error. Mother's assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MICHAEL JOHN RYAN, J., CONCUR