DECISION
{¶ 1} Appellant, Darlene Bond, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that denied her four motions seeking, respectively, (1) modification of parental rights, (2) emergency reallocation of parental rights or, in the alternative, an established parenting time, (3) interview with K.X., the child subject of these proceedings, and (4) an order precluding the testimony of Rhonda Lilley, a mental health professional. Because the trial court did not err in adopting the magistrate's decision, and because the lack of objections, with an accompanying transcript, to the magistrate's decision precludes further review, we affirm.
 {¶ 2} The present litigation presents a lengthy history. On October 30, 1995, Anthony Jackson filed a complaint seeking custody or, alternatively, visitation with K.X. The parties ultimately adopted a joint shared parenting plan that was implemented by a decree in the trial court on January 29, 1998. Shortly thereafter, Jackson filed a motion seeking to hold appellant in contempt, contending appellant failed to abide by the prior order of the court. An agreed modification of the parties' shared parenting plan alleviated litigation until March 14, 2002.
 {¶ 3} On that date, Jackson filed a motion for reallocation of parental rights, seeking to terminate the parties' shared parenting decree and to designate Jackson the residential parent and legal custodian of K.X. The magistrate's decision notes that appellant was properly served but failed to appear. Hearing Jackson's evidence, the magistrate granted the motion, terminated the shared parenting decree, designated Jackson the residential parent and legal custodian, and ordered appellant to pay child support. The trial court adopted the magistrate's decision on April 2, 2002. Appellant did not appeal the trial court's judgment.
 {¶ 4} Instead, on November 15, 2002, appellant filed a motion to set aside the judgment entry of April 2, 2002. On March 24, 2003, the trial court issued a decision and judgment entry denying appellant's motion. Specifically, the trial court addressed appellant's contention that she was not properly served with notice of the hearing on Jackson's March 14, 2002 motion for reallocation of parental rights. Concluding that appellant was properly served, the trial court denied the motion. Appellant did not appeal that judgment.
 {¶ 5} Beginning November 15, 2002 and continuing through August 21, 2003, appellant filed four different motions in the trial court: (1) a November 15, 2002 motion to modify parental rights, (2) a November 15, 2002 motion for emergency reallocation of parental rights or, in the alternative, to establish parenting time, (3) a motion filed January 14, 2003 to interview K.X., and (4) an August 21, 2003 motion to preclude the testimony of Rhonda Lilley, a mental health professional.
 {¶ 6} A magistrate of the trial court conducted a hearing on appellant's motions. According to the magistrate's decision issued August 16, 2004, a record of the proceedings was made, procedural matters were handled on July 25, 2003 and August 26, 2003, and testimony began on November 12, 2003 when appellant decided to proceed without the benefit of counsel. Appellant's motion regarding Rhonda Lilley was rendered moot by the parties submitting her report as a joint stipulated exhibit.
 {¶ 7} After hearing the testimony of appellant, Jackson, and appellant's three witnesses, interviewing K.X., and viewing the exhibits, the magistrate concluded appellant's motion for reallocation of parental rights should be denied. The magistrate noted that the issue of missed parenting time could not serve as a change of circumstances, a necessary predicate to reallocation of parental rights, as the issue was known to the trial court at the time of the prior order. Similarly, the magistrate determined appellant's testimony that K.X. did not appear as happy as he once seemed was insufficient to demonstrate a change of circumstances, especially when adjustments for K.X. were to be expected as a result of the change of custody ordered on April 2, 2002. Nonetheless, the magistrate noted the loving relationship between K.X. and his mother, determined appellant's motion for parenting time should be granted, and decided visitation should be exercised pursuant to Loc.R. 22.
 {¶ 8} The court adopted the magistrate's decision on August 17, 2004. Appellant fails to assign specific errors, but sets forth issues as follows:
Did the local domestic court err in determining the existence of a valid Shared Parenting Plan?
Did the local domestic court err in holding a hearing to reallocate parental rights and responsibilities without the Appellant's knowledge or participation?
Did the local domestic court err in determining the Best Interest of Child by reallocating parental rights and responsibilities to Appellee?
Did the local domestic court err in basing its decision on proven perjured testimony given by Appellee?
Did the local domestic court err in denying the Appellant due process?
 {¶ 9} Appellant's issues, taken for purposes of appeal as assignments of error, relate in large part to matters which have been adjudicated and not appealed. Specifically, the shared parenting plan and the reallocation of parental rights raised in appellant's first, second, and third issues were adjudicated in the trial court's April 2, 2002 judgment entry. Appellant failed to appeal that judgment within 30 days, and this court lacks jurisdiction to consider an appeal of those issues at this time. See App.R. 4(A); State ex rel. Boardwalk Shopping Center, Inc. v.Court of Appeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33, 36;Americare Corp. v. Misenko (1984), 10 Ohio St.3d 132, 135.
 {¶ 10} Similarly, at least some of appellant's issues appear to address the trial court's May 24, 2003 judgment entry denying her motion to set aside the April 2, 2002 judgment entry. Again, because the May 24, 2003 judgment entry was not appealed within the 30 days prescribed in App.R. 4(A), this court lacks jurisdiction to consider those issues.
 {¶ 11} Appellant's appeal also raises a due process issue, apparently arising out of her contention that she was not properly served in connection with the hearing on Jackson's motion for reallocation of parental rights. In the abstract, that issue possibly could survive her failure to appeal the trial court's April 2, 2002 judgment: the failure to be properly served creates the potential for a void judgment. On the specific facts before us, however, appellant's argument fails, as she presented that argument to the trial court in her motion to set aside the April 2, 2002 judgment entry. The trial court specifically addressed the issue and, in its May 24, 2003 judgment entry, found that appellant was properly served. Because appellant did not appeal that determination, the matter has been finally determined adversely to her. To the extent appellant attempts to appeal the trial court's determination that she was properly served, her appeal is untimely, leaving this court without jurisdiction to consider the issue.
 {¶ 12} The net result of appellant's failure to timely appeal the trial court's prior judgments is that only the trial court's August 17, 2004 judgment entry regarding appellant's four noted motions is before this court on appeal. Appellant's ability to contest the court's August 17, 2004 determinations is limited. Specifically, both Juv.R. 40(E)(3)(d) and Civ.R. 53(E)(3)(d) provide that appellant "shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law" unless the party timely and specifically objects to that finding or conclusion as required by Juv.R. 40(E)(3) and Civ.R. 53(E)(3), respectively. Contrary to the specific mandate of those rules, appellant failed to object to the magistrate's decision.
 {¶ 13} Appellant's failure to object has other procedural ramifications: because she did not object to the magistrate's decision, she also did not file a transcript of the proceedings before the magistrate with the trial court. While appellant supplemented the record on appeal with that transcript, we are precluded from considering it when the trial court did not have the opportunity to review it before determining whether to adopt the magistrate's decision. State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728 (stating that when a party fails to file a transcript of the proceedings before the magistrate with the trial court, the appellate court is "precluded from considering the transcript of the hearing submitted with the appellate record"). Moreover, because we cannot review the transcript of the hearing before the magistrate, we are unable to determine whether appellant is correct in asserting that the magistrate's decision is contrary to the evidence. See Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197; Ratchford v. Proprietors' Ins. Co. (1995),103 Ohio App.3d 192; Kowalik v. Kowalik (1997), 118 Ohio App.3d 141,144-145.
 {¶ 14} Appellant's failure to file objections to the magistrate's decision waived the errors she alleges are inherent in the decision. As a result of her failure to file objections, the trial court only was required to review the decision to determine whether an error of law or other defect existed on the face of the magistrate's decision. See Juv.R. 40(E)(4)(a); Civ.R. 53(E)(4)(a). Like the trial court, we find no error of law or other defect on the face of the magistrate's decision. The magistrate determined the evidence failed to support a change of circumstances, and without a transcript, we are unable to conclude to the contrary.
 {¶ 15} For the foregoing reasons, appellant's issues, taken as assignments of error, are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
French and McGrath, JJ., concur.