[Cite as *McCandlish v. McCandlish*, 2013-Ohio-5066.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MARK MCCANDLISH, JR. | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-37 |
| | : | |
| TIFFANY MCCANDLISH | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Licking County Court of
                                Common Pleas, Domestic Relations
                                Division, Case No. 06 DR 01908 CRB



JUDGMENT:                       AFFIRMED



DATE OF JUDGMENT ENTRY:         November 8, 2013



APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

CINDY RIPKO                             No Appellate Brief Filed
35 S. Park Pl., #201
Newark, OH 43055

*Delaney, J.*

{¶1} Plaintiff-Appellant Mark McCandlish, Jr. appeals the March 8, 2013 judgment entry of the Licking County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Plaintiff-Appellant Mark McCandlish, Jr. ("Father") and Defendant-Appellee Tiffany McCandlish ("Mother") are the parents of D.M., born September 29, 1999 and B.M., born October 13, 2003. Mother and Father's marriage was terminated by Decree of Dissolution on February 15, 2007.

{¶3} The Decree of Dissolution named Father as the sole legal custodian and residential parent of the minor children. The Separation Agreement stated neither party would pay child support.

{¶4} On August 22, 2012, Mother filed a pro se Post-Decree Motion for Modification of Residential Parent and Legal Custodian with the Licking County Court of Common Pleas, Domestic Relations Division. Mother requested the trial court name her as the legal custodian and residential parent of D.M. On the pre-printed motion form, Mother checked the boxes which stated, "Now comes Tiffany Clark and asks this honorable Court to permanently change the residential parent and legal custodian of the minor child(ren), namely: [D.M.]. The reasons for this motion are explained below in the Memorandum in Support. I also request that the Court enter an ex parte order of temporary custody and/or visitation pursuant to Local Rule 8.61. The reasons for this request are included in the attached affidavit." Mother did not check the box which stated, "I also request that the Court enter orders concerning parenting times, child

support, health insurance coverage, the payment of the child(ren)'s uninsured health care expenses, and allocation of the right to claim the child(ren) for income tax purposes." Father was served with the motion.

{¶5} An expedited hearing on the issue of temporary custody was held on September 11, 2012. Father was served with notice of the hearing and did not appear at the hearing.

{¶6} A full hearing on the motion was held before a magistrate on November 7, 2012. Mother appeared at the hearing pro se. Father, although served with notice of the hearing, did not appear at the hearing. At the hearing, Mother testified as the sole witness and the magistrate asked questions of Mother.

{¶7} The magistrate issued her decision on November 20, 2012. Pursuant to R.C. 3109.04(E)(1)(a), the magistrate concluded there was a change in circumstances warranting a modification of the custodial arrangement and it was necessary to serve the best interests of the child for Mother to become the legal custodian and residential parent of D.M. Parenting time with Father would be at Mother's sole discretion.

{¶8} The magistrate found D.M. had been residing with Mother since approximately September 2012. D.M. came to live with Mother after D.M. had a disagreement with Father's new wife. D.M. is enrolled in school located where Mother resides.

{¶9} Under the terms of the decree of dissolution, neither party paid child support, but Mother was making "in-kind contributions" for the children. While Mother had physical custody of D.M., Father did not make in-kind contributions to Mother. The magistrate determined Mother earned approximately $31,000 per year. From Mother's

testimony, the magistrate found Father worked full-time and made approximately what he earned at the time of the dissolution, $50,000 per year. The magistrate ordered Father to pay child support to Mother for D.M. pursuant to the child support computation worksheet.

{¶10} Under the dissolution decree, Mother and Father divided the uninsured health expenses for the child. The magistrate recommended Father pay 100% of the uninsured costs related to mental health counseling for D.M. Mother was ordered to immediately enroll D.M. in counseling.

{¶11} Father filed a Motion for Relief from Magistrate's Decision and Hearing to Supplement the Record on December 10, 2012. In his motion, Father argued pursuant to Civ.R. 60(B)(1), the magistrate's decision should be vacated due to Father's excusable neglect for his failure to appear at the November 7, 2012 hearing. Father did not dispute the change in custody. Father argued he did not appear at the November 7, 2012 hearing because Mother's August 22, 2012 motion did not give Father notice that issues other than a change of custody would be discussed at the hearing.

{¶12} The trial court denied the motion on January 8, 2013.

{¶13} Father filed objections to the magistrate's decision on January 16, 2013. In his motion, he objected to the magistrate asking questions of Mother during the hearing, the magistrate's use of Mother's testimony to establish Father's salary, and the lack of parenting time with D.M.

{¶14} The trial court overruled Father's objections on January 31, 2013. The trial court stated it conducted an independent review and found the magistrate correctly determined the factual issues and appropriately applied the law. The trial court noted if

Father wanted to present evidence and make arguments, he could have appeared at the November 7, 2012 hearing.  The trial court adopted the magistrate's decision on March 8, 2013.

{¶15} It is from this decision Father now appeals.

## ASSIGNMENTS OF ERROR

{¶16} Father raises three Assignments of Error:

{¶17} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO VACATE THE MAGISTRATE'S ORDER AND REMAND THE MATTER BACK TO THE MAGISTRATE FOR FURTHER HEARING.

{¶18} "II. THE MAGISTRATE EXCEEDED THE SCOPE OF HER AUTHORITY IN 'ASSISTING' THE SECOND PETITIONER IN THE PRESENTATION OF HER CASE.

{¶19} "III. THE TRIAL COURT BREACHED ITS DUTY OF IMPARTIALITY BY THE NATURE AND EXTENT OF THE ASSISTANCE PROVIDED TO THE SECOND PETITIONER."

## ANALYSIS

{¶20} The instant case comes to us on the accelerated calendar.  App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶21} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶22} This appeal will be considered with the above in mind.

*I.*

{¶23} Father argues in his first Assignment of Error that the trial court abused its discretion when it denied Father's motion to vacate the magistrate's decision. We disagree.

{¶24} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, (1983).

{¶25} A party seeking relief from judgment pursuant to Civ.R .R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v.*

*Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v. Cleveland,* 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

{¶26} Father brought his motion to vacate under Civ.R. 60(B)(1). Civ.R. 60(B) states in pertinent part,

> On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken.

{¶27} Father argues it was excusable neglect that he did not appear at the November 7, 2012 hearing. Father did not dispute the change in custody. He argues he was not aware that more would be resolved at the hearing than the change of custody. In support of his argument, Father refers to the pre-printed motion form Mother filed to request a modification of custody. On the pre-printed motion form, Mother checked the boxes which stated, "Now comes Tiffany Clark and asks this honorable Court to permanently change the residential parent and legal custodian of the minor child(ren), namely: [D.M.]. The reasons for this motion are explained below in the Memorandum in Support. I also request that the Court enter an ex parte order of temporary custody and/or visitation pursuant to Local Rule 8.61. The reasons for this request are included in the attached affidavit." Mother did not check the box which stated, "I also request that the Court enter orders concerning parenting times, child support, health insurance coverage, the payment of the child(ren)'s uninsured health

care expenses, and allocation of the right to claim the child(ren) for income tax purposes." Because Mother did not check the third box, Father argues it was excusable neglect that he did not attend the hearing because he was not aware that the issues of parenting time and child support would be argued at the change of custody hearing.

{¶28} The Ohio Supreme Court has yet to develop a definitive definition of excusable neglect. However, it has described it in the negative stating, "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE Automatic Elec., Inc.,* 47 Ohio St.2d at 153, 351 N.E.2d 113.

{¶29} A temporary orders hearing was held on September 11, 2012. The full hearing was held on November 7, 2012. There is no dispute Father was served with notice of the November 7, 2012 hearing.

{¶30} Father had the opportunity to attend two hearings on Mother's motion for change of custody, but Father chose not to attend either hearing. Father's basis for excusable neglect is that he did not dispute the change of custody and he did not feel he needed to attend the hearing giving custody of D.M. to Mother. Under the Supreme Court's definition of excusable neglect, we find Father's actions could be found to be a disregard of the judicial system. The trial court had continuing jurisdiction pursuant to Civ.R. 75(J) to modify the parties' custody arrangement and the trial court has jurisdiction over any matter related to such motion, including modification of child support. The modification of child support was related to the custodial proceedings. Appellant had adequate notice of the motion and the opportunity to present evidence but choose not to do so.

{¶31} We find no abuse of discretion for the trial court to deny Father's motion to vacate the magistrate's decision. Father's first Assignment of Error is overruled.

*II., III.*

{¶32} Father argues in his second and third Assignment of Error that the magistrate and trial court overstepped their authority in assisting Mother present her motion for modification of custody.

{¶33} Mother appeared pro se at the motion for modification hearing. Mother was the only witness at the hearing. The record shows the magistrate, while on the bench, questioned Mother during the hearing. The findings of fact were based on Mother's testimony. Father first argues Mother cannot rely upon her pro se status and her ignorance of her burden of proof in presenting her case to the trial court. Father next argues the magistrate breached her duty of impartiality by the nature and extent of the assistance provided to Mother during the hearing.

{¶34} We agree pro se litigants are not to be granted leniency in court proceedings simply because they choose to appear without counsel. "Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Meyers v. First Natl. Bank of Cincinnati,* 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981). Mother's pro se appearance, however, does not preclude the magistrate from asking questions of a witness during a hearing. "In the absence of any showing of bias, prejudice, or prodding of a witness to elicit partisan testimony, it will be presumed that the trial court acted with impartiality [in propounding to the witness questions from the bench] in attempting to ascertain a material fact or to

develop the truth." *State v. Baston*, 85 Ohio St.3d 418, 426, 709 N.E.2d 128 (1999), citing *Jenkins v. Clark* (1982), 7 Ohio App.3d 93, 98, 454 N.E.2d 541 (2nd Dist. 1982). The record in this case does not show the magistrate, or the trial court in adopting the magistrate's decision, acted with bias, prejudice, or prodding of the witness to elicit partisan testimony. If Father would have appeared at the hearing, he could have objected to the magistrate's line of questioning.

{¶35} Father's second and third Assignments of Error are overruled.

## CONCLUSION

{¶36} The three Assignments of Error of Plaintiff-Appellant Mark McCandlish, Jr. are overruled.

{¶37} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Delaney, J.,

Farmer, P.J. and

Wise, J., concur.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE