[Cite as *In re S.H.*, 2014-Ohio-4476.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100911

---

## IN RE: S.H.
## A Minor Child

[Appeal By, Donna Bell, Grandmother]

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 13106352

**BEFORE:** Jones, P.J., Rocco, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 9, 2014

**FOR APPELLANT**

Donna Bell, pro se
600 Turney Road, #111
Bedford, Ohio 44146


**ATTORNEYS FOR APPELLEES**

**Guardian Ad Litem for Child**

Patricia Lanzy
16411 Nicholas Road
Shaker Heights, Ohio 44120

**For Mother**

Ebonie Keaton
6000 Bear Creek Drive, #311
Bedford, Ohio 44146

**For Father**

Sylvester H.
6000 Bear Creek Drive, #311
Bedford, Ohio 44146

LARRY A. JONES, SR., P.J.:

{¶1} Appellant Donna Bell appeals the juvenile court's decision to deny her application for visitation. We affirm.

I. Procedural History

{¶2} In 2013, Bell filed an application in juvenile court to establish visitation with her granddaughter, S.H. According to Bell, her daughter, Ebonie Keaton, and S.H.'s father, S. H., would not allow her to see six-year-old S.H. and the lack of visitation was not in the child's best interests.

{¶3} The court appointed a guardian ad litem ("GAL") to the case and sent the matter to mediation. The parties could not reach a resolution so the court set the matter for a hearing before a magistrate. Present at the hearing were Keaton, Sylvestor H., Bell, Bell's aunt, and the GAL. The magistrate heard testimony from those present. The GAL recommended the court deny the application for visitation.

{¶4} The magistrate issued a decision finding that S.H.'s parents and Bell had a "falling out" in January 2013 and the parents no longer wanted Bell to visit with S.H. The magistrate determined that it was not in the child's best interests to have visitation and recommended that Bell's application for visitation be denied.

{¶5} Bell did not file any objections to the magistrate's decision and did not file a transcript of the magistrate's hearing for the trial court to consider. The trial court adopted the magistrate's decision.

**{¶6}** Bell filed a notice of appeal, pro se, and assigns the following assignment of error for our review:

[I].  The Juvenile Court abused its discretion and acted in plain error by ordering [the GAL] to act as an inquisitor for the Court and directly examine Appellant, Ms. Bell, rather than allowing her to present her case in chief to the Court pro se.

## II.  Law and Analysis

**{¶7}** The decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal unless the decision amounts to an abuse of discretion, which has been defined as an error of law or judgment that implies the court's attitude is unreasonable, arbitrary, or unconscionable.  *Fackelman v. Micronix*, 8th Dist. Cuyahoga No. 98320, 2012-Ohio-5513, ¶ 5, citing *Wade v. Wade,* 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (11th Dist.1996).

**{¶8}** Bell filed her application for visitation pursuant to R.C. 3109.12(A), which provides:

If a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child.

**{¶9}** In her sole assignment of error, Bell argues that the trial court erred by allowing the GAL to question her, rather than allowing Bell to present her own case. We are unable, however, to consider Bell's argument that she was prevented from fully presenting her case to the magistrate because Bell failed to file objections to the magistrate's decision and failed to file a transcript of the hearing for the trial court's review.

**{¶10}** Juv.R. 40(D)(3)(b)(iv) states:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

*See also* Civ.R. 53(E)(4)(a).

**{¶11}** Bell failed to file objections to the magistrate's decision; therefore, she has waived the errors she alleged are inherent in the decision. Additionally, as a result of her failure to file objections to the magistrate's decision, the trial court only was required to review the decision to determine whether an error of law or other defect existed on the face of the magistrate's decision. *In re K.X.*, 10th Dist. Franklin No. 04-AP-949, 2005-Ohio-3791, ¶ 15.

**{¶12}** Likewise, when a party has failed to file objections to a magistrate's decision, an appellate court's review is limited to review for plain error. *S.J. v. J.T.*, 6th Dist. Lucas No. L-11-1011, 2011-Ohio-6316, ¶ 8. Plain error is not favored and is only applicable in rare cases where the error "seriously affects the basic fairness, integrity, or

public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."   *Id.*, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997).

{¶13} Pursuant to Juv.R. 40(D)(3)(b)(iii), a party who wishes to object to a magistrate's factual finding is required to support the objection with the transcript of the evidence submitted to the magistrate relevant to that finding.   *In re Maxwell*, 4th Dist. Ross No. 05CA2863, 2006-Ohio-527, ¶ 27, citing *Proctor v. Proctor*, 48 Ohio App.3d 55, 60, 548 N.E.2d 287 (3d Dist.1988).   If the objecting party fails to provide the court with a transcript of the magistrate's hearing, the trial court may properly adopt a magistrate's factual findings without further consideration.   *In re Maxwell* at *id.*, citing *Proctor*.

{¶14} In *In re A.L.*, 8th Dist. Cuyahoga No. 99040, 2013-Ohio-5120, ¶ 12, *appeal not allowed*, 138 Ohio St.3d 1468, 2014-Ohio-1674, 6 N.E.3d 1204, this court noted the following:

> The Supreme Court of Ohio has stated that where the objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, an appellate court is precluded from considering the transcript of the magistrate's hearing submitted with the appellate record.   *Palmer v. Palmer*, 7th Dist. Belmont No. 12 BE 12, 2013-Ohio-2875, ¶ 16, citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 1995- Ohio-272, 654 N.E.2d 1254 (1995).   *See also State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus ("A

reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter").

{¶15} Thus, if Bell wanted to object to any of the magistrate's factual findings or the magistrate's decision to deny her application for visitation, it was incumbent upon her to file objections and support those objections with evidence, e.g., the transcript of the magistrate's hearing. Here, Bell neither objected to the magistrate's decision nor timely filed a transcript of the magistrate's hearing with the trial court.[1]

{¶16} We note that there is currently a transcript of the magistrate's hearing in the record on appeal. But because the transcript was not properly before the trial court, we may not consider it on appeal. *See In re J.K.*, 4th Dist. Ross No. 11CA3269, 2012-Ohio-214, ¶ 14-16 (an appellate court may not consider the transcript of the magistrate's hearing when a party fails to file objections to a magistrate's decision and fails to file a hearing transcript with the trial court.) Thus, without the transcript properly before us, we have no basis to conclude that the trial court erred in adopting the magistrate's decision. To the extent that Bell's assignment of error is based on the procedure of the hearing itself, we must presume the validity of the proceedings and reject her argument that the trial court erred in adopting the magistrate's decision. *See*

---

[1] The record reflects that Bell filed the transcript with the trial court after she filed her notice of appeal with this court.

*In re A.L.* at ¶ 16 (" * * * reference to the transcript is inappropriate on appeal because the transcript was not available for the trial court to review.")

{¶17} In light of the facts the above, we find no error of law or other defect on the face of the magistrate's decision nor do we find plain error with the trial court's order adopting the magistrate's decision.

{¶18} Finally, we note that although it is apparent from the record that Bell cares deeply for her granddaughter, pro se civil litigants cannot be afforded greater rights than they would have if represented by counsel.

{¶19} The sole assignment of error is overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KENNETH A. ROCCO, J., CONCURS;
MELODY J. STEWART, J., DISSENTS
WITH SEPARATE OPINION

MELODY J. STEWART, J., DISSENTING:

**{¶21}** Juv. R. 40(D)(3)(b)(iv), which ordinarily forecloses appellate review when the aggrieved party has failed to file objections to a magistrate's decision, by its own terms, does not apply in this case because Bell has raised a claim of plain error. In addition, the absence of a properly-filed transcript is of no consequence to this appeal because there has been no appellee's brief filed. App.R. 18(C) states that when the appellee fails to file a brief, we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**{¶22}** Bell's statement of facts shows that the court instructed the guardian ad litem for the child — who had expressed an opinion that Bell not be granted visitation rights with the child — to direct Bell in presenting her pro se case-in-chief. This created a clear conflict of interest between Bell and the child's guardian ad litem because their interests were so nonaligned. *See* Sup.R. 48(D)(9) ("A guardian ad litem shall avoid any actual or apparent conflict of interest arising from any relationship or activity including * * * contacts with parties or others involved in the case.") That conflict of interest denied Bell due process of law. *State v. Gillard*, 64 Ohio St.3d 304, 311-312, 595 N.E.2d 878 (1992). The error is one that the magistrate could have avoided by allowing Bell to make a narrative statement of her case or by asking Bell questions in an impartial manner. *See, e.g., McCandlish v. McCandlish*, 5th Dist. Licking No. 13-CA-37, 2013-Ohio-5066, ¶ 34.

{¶23} Because Bell's statement of facts presents a demonstrable claim of plain error based on the conflict engendered by an adverse party being instructed to direct her pro se case-in-chief, I would sustain the assignment of error and remand for a new trial. I respectfully dissent.