[Cite as *In re A.D.*, 2016-Ohio-109.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102854**

---

# IN RE: A.D.

# A Minor Child

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-14-106876

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** January 14, 2016

**ATTORNEY FOR APPELLANT**

Stephen McGowan
19211 Westbrooke Lane
Strongsville, Ohio   44149


**ATTORNEYS FOR APPELLEE**

**For CCDCFS**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Anna Woods
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

{¶1} A.D. appeals the finding of delinquency based on her violation of R.C. 2921.13(A)(3) by providing false information for the purpose of misleading a public official.   For the following reasons, we affirm.

{¶2} In May 2014, A.D. was investigated by school officials, including the assistant principal and the school safety officer.   As part of the investigation, the assistant principal and the officer asked A.D. if she had driven to school that day.   She claimed she had not.   Everyone walked to a car belonging to A.D.'s family, parked adjacent to the school's property.   Because the car was parked on the public streets, local police were dispatched and on scene.   Inside the car, and plainly visible, was a purse with a pack of cigarettes on top.   A.D. initially claimed the purse was hers.   The officials went to search the bag, noting that a city ordinance prohibited minors from possessing cigarettes.   A.D. resisted and tried to snatch the purse back from the officers.   She then claimed the purse was actually her mother's.   The officials found A.D.'s identification in the purse.   A.D.'s mother and father arrived to the scene together in another vehicle.

{¶3} After an adjudicatory hearing, A.D. was found to be delinquent for providing false information to the school officials and police officers.   The magistrate found, as adopted by the trial court, that the state proved by inference that A.D. drove to school on the day in question, and tried to cover up possession of the purse only after the officials indicated they intended to search it.   As the magistrate concluded, the facts that the car was parked immediately adjacent to the school and that A.D.'s parents arrived together in

another vehicle during the search of A.D.'s purse, supported the inference that A.D. actually drove to school and presented false information to the public officials. A.D. maintained that she had not technically presented untruths because the car was not on the school's property, so she did not drive *to* school that day, and also that the purse was her mother's, although A.D. used it.

{¶4} A.D. filed objections to the magistrate's findings of fact, but failed to provide a transcript of the proceedings to the trial court. The trial court overruled the objections, noting the lack of the transcript, and A.D. timely appealed.

{¶5} In her first assignment of error, A.D. claims that the finding of delinquency is against the manifest weight of the evidence. When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

{¶6} We cannot review the transcript to determine whether the delinquency finding is against the manifest weight of the evidence. Juv.R. 40(D)(3)(b)(iii) provides that

An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that

finding or an affidavit of that evidence if a transcript is not available.

In light of the failure to adequately support the objections to the magistrate's findings of fact, A.D. deprived the trial court of the opportunity to correct any alleged error in the first instance. She cannot challenge the decision as being against the manifest weight of the evidence for the first time on appeal. *In re K.X.*, 10th Dist. Franklin No. 04AP-949, 2005-Ohio-3791, ¶ 13. Although A.D. supplemented the record on appeal with that transcript, appellate courts are precluded from considering it. *Id.*, citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 654 N.E.2d 1254 (1995). In *Duncan*, the Ohio Supreme Court held that when a transcript of the proceedings before the magistrate is not filed with the trial court prior to the ruling on the objections, the appellate court is "precluded from considering the transcript of the hearing submitted with the appellate record." Without considering the transcript, this court is unable to review the testimony to consider the witnesses' credibility. A.D.'s first assignment of error is overruled. The trial court did not err by adopting the magistrate's decision.

{¶7} In her second assignment of error, A.D. claims the magistrate improperly considered evidence that A.D. possessed cigarettes, an illegal act for a 17-year-old pursuant to a local ordinance, and possessed marijuana. A.D. claims that possession of both is evidence of other crimes for the purposes of Evid.R. 404(B). The trial court has broad discretion in the admission or exclusion of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should be slow to interfere. *State v. Hancock*, 108 Ohio St.3d 57,

2006-Ohio-160, 840 N.E.2d 1032, ¶ 122.

{¶8} We overrule A.D.'s second and final assignment of error. The magistrate, in her decision, noted that the evidence of marijuana was not considered upon the agreement of both parties, and the evidence of A.D.'s possession of cigarettes was deemed to be the motive behind her falsification. Evid.R. 404(B) provides that evidence of other crimes, wrongs, or acts is admissible to prove motive. *See, e.g., State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 68. The magistrate's legal pronouncement was a correct statement of law. Accordingly, A.D.'s second assignment of error is overruled.

{¶9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution. The finding of delinquency having been affirmed, any bail or stay of execution pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and

MARY EILEEN KILBANE, J., CONCUR