FRANK D. CELEBREZZE, JR., J.:
{¶ 1} Appellant, M.G. ("Mother"), brings the instant appeal challenging the reallocation of parental rights that resulted from a motion to modify filed by appellee, C.S. ("Father"). Mother argues that the trial court erred in adopting the magistrate's decision because neither the trial court nor the magistrate made a determination that there had been a change in circumstance, the trial court failed to make any particularized finding that the reallocation of parental rights was in the child's best interest, and the court violated Mother's due process rights. After a thorough review of the record and law, this court reverses and remands.
I. Factual and Procedural History
{¶ 2} Mother and Father had a child, A.G., born December 26, 2011. Through proceedings to determine custody and parentage that culminated in a November 16, 2012 journal entry, Mother and Father *259 reached an agreement where Mother was named the custodial and residential parent and Father received parenting time. In 2014 and 2015, Father filed motions to modify visitation but they were dismissed for failure to prosecute.
{¶ 3} Father filed a motion to modify custody on June 21, 2016. On the preprinted motion regarding a prompt to set forth a change in circumstance, Father wrote: "I'm trying to get custody of my daughter because the mother is always leaving her unattended while she smoke[s] weed, and she's been abusing our child, while in her [custody]." The motion was assigned to a magistrate, and a hearing was scheduled for March 27, 2017.
{¶ 4} The magistrate's decision issued March 27, 2017, indicates that a hearing was held on that date, which was attended by Father, Mother, and the Guardian ad litem ("GAL") for the child. The decision then goes on to name Father as the residential parent with Mother receiving visitation.
{¶ 5} On April 19, 2017, the trial court filed a journal entry adopting the magistrate's decision. The record does not indicate that Mother filed timely objections prior to the decision. On May 11, 2017, Mother sought a transcript of the March 27, 2017 hearing, and on May 12, 2017, she filed a notice of appeal. She now assigns three errors for review:
I. The trial court committed plain error when it modified the prior custody order without finding a change in circumstances as required by R.C. 3109.04(E)(1)(a).
II. The trial court committed plain error when it failed to include specific findings pursuant to R.C. 3109.04(C) that it was in the best interest of the child to award custody to appellee-father, who had two convictions for domestic violence committed against appellant-mother.
III. The trial court committed plain error when it violated appellant-mother's due process rights by fabricating testimony, relying upon a non-existent guardian ad litem recommendation, and deciding custody after only an eight (8) minute hearing.
II. Law and Analysis
A. Standard of Review
{¶ 6} Mother failed to object to the magistrate's decision. According to Juv.R. 40(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."
{¶ 7} Here, that means that this court reviews Mother's claim only for plain error. In re S.H. , 8th Dist. Cuyahoga No. 100911, 2014-Ohio-4476, 2014 WL 5089067, ¶ 12. "Plain error is not favored and is only applicable in rare cases where the error 'seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " Id. , quoting S.J. v. J.T. , 6th Dist. Lucas No. L-11-1011, 2011-Ohio-6316, 2011 WL 6153015, ¶ 8.
B. Change in Circumstance
{¶ 8} R.C. 3109.04 deals with allocating parental rights of a child. The initial determination requires a careful analysis of numerous factors set forth in the statute. To limit relitigation of the issue, R.C. 3109.04(E)(1) requires that decisions to modify custody be based on a change in circumstance that arose after the issuance of the decree in effect at the time, or *260 newly discovered information. Wyss v. Wyss , 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist.1982).
{¶ 9} This statute provides in part,
The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.
(Emphasis added.) R.C. 3109.04(E)(1)(a).
{¶ 10} This determination is substantively different than a modification of a shared parenting plan as addressed in R.C. 3109.04(E)(2), where no change of circumstance is required. The Ohio Supreme Court had indicated that modifying which person is the residential or custodial parent cannot be accomplished through R.C. 3109.04(E)(2). Fisher v. Hasenjager , 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 26. See also Davis v. Flickinger , 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997) ("[T]here must be a change of circumstances to warrant a change of custody, and the change must be a change of substance, not a slight or inconsequential change."). Therefore, in order for the court to modify custody in the manner that it did, it must find that a change in circumstance occurred:
R.C. 3109.04(E)(1)(a) precludes a trial court from modifying a prior decree allocating parental rights and responsibilities unless it finds, based on facts that have arisen since the time of the decree or were unknown to it at that time, not only that a change has occurred in circumstances of the child, the child's residential parent, or either parent subject to a shared-parenting decree, but also that the modification of the prior custody decree is necessary to serve the best interest of the child.
In re James , 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, paragraph one of the syllabus.
{¶ 11} "The statute allows a court to modify a prior decree allocating parental rights and responsibilities only if (1) 'a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree' and (2) the modification is in the best interest of the child." Fisher at ¶ 21, quoting R.C. 3109.04(E)(1)(a).
{¶ 12} Here, the magistrate's decision and the trial court's decision do not mention a change in circumstance. In the absence of objections, the trial court's review of the magistrate's decision was limited to a review for "whether an error of law or other defect existed on the face of the magistrate's decision." In re S.H., 8th Dist. Cuyahoga No. 100911, 2014-Ohio-4476, 2014 WL 5089067, at ¶ 11, citing In re K.X. , 10th Dist. Franklin No. 04AP-949, 2005-Ohio-3791, 2005 WL 1745311, ¶ 15. The failure to find a change in circumstance is such a defect on the face of the magistrate's decision in this case.
{¶ 13} The trial court's failure to address any change in circumstance constitutes plain error. The Ohio Supreme Court has determined such a change is required for the court to act in modifying custody. See In re James , 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467.
{¶ 14} Further, the magistrate's and trial court's decisions do not evidence any particularized findings as to this child. Both decisions provide boilerplate considerations with no factual determinations applicable to the individual child here. This *261 dovetails into Mother's second assignment of error and the lack of any findings relating to the best interests of the child. Because the lack of any finding regarding a change in circumstance constitutes plain error in this case, this court need not address Mother's second assignment of error, which takes issue with the decision's lack of particularized findings.
B. Evidence Adduced at the Hearing
{¶ 15} Mother also takes issue with the trial court's reliance on the GAL's recommendation when, she asserts, the GAL did not give a recommendation in this case. However, this takes issue with items that were addressed by the magistrate at a hearing. Mother failed to object or provide the trial court with a transcript of the hearing in a timely fashion, which is required. See Juv.R. 40(D)(3)(b)(iv). As a result, this court cannot consider the transcript or Mother's factual objections. In re Z.A.P. , 177 Ohio App.3d 217, 2008-Ohio-3701, 894 N.E.2d 342, ¶ 22 (4th Dist.). Therefore, this court cannot address this aspect of the assigned error.
{¶ 16} Mother also claims that the hearing only lasted eight minutes and the magistrate could not have heard testimony as is alleged in the magistrate's decision. Again, without the transcript being properly before this court, we cannot properly address this assigned error. Without objections and a transcript, this court must find that the extent of the hearing constitutes plain error. However, because we cannot consider the transcript, there is nothing in the record to demonstrate plain error here. Therefore, Mother's third assignment of error is overruled.
III. Conclusion
{¶ 17} The lower court's decision lacks any finding as to a change in circumstance that is necessary for the reallocation of parental rights in this case. The trial court was required to make a finding that a change in circumstances existed such that the reallocation of parental rights was appropriate. No such finding exists in the record before this court. This constitutes plain error.
{¶ 18} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion. In light of the facts and circumstances involved in this case, the juvenile court's administrative judge, in its discretion, may consider reassigning this case to a different judge on remand.
SEAN C. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR