[Cite as *In re R.O.*, 2025-Ohio-374.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE R.O., ET AL.                              :

                                                            Nos.  113999 and 114000

Minor Children                               :

[Appeal by Mother]                        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  February 6, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU12110250 and CU12110251

---

### *Appearances:*

Robert O. Donegan, *for appellant*.

Baron Family Law, LLC, and Alexis M. Gacey, *for appellee*.

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  In this consolidated appeal, appellant-Mother appeals from the juvenile court's judgment overruling Mother's objections and adopting the magistrate's decision that incorporated an agreed judgment entry, memorializing the parties' in-court agreement regarding allocation of parental rights and

responsibilities, including parenting time. For the reasons that follow, this court affirms.

## I. Procedural History and Factual Background

{¶ 2} Mother and appellee-Father, who were never married, are the parents of two minor children, now ages 16 and 14. In 2012, Father filed an application for sole allocation of parental rights and responsibilities or alternatively, requested shared parenting. In 2014, the parties executed an agreed judgment entry, allocating parental rights and responsibilities, including parenting time. In 2017, Father sought to enforce the parenting plan, which resulted in a modification regarding Father's annual family reunions.

{¶ 3} In 2022, Father requested the juvenile court to terminate the parties' shared parenting plan, or alternatively, sought to modify the agreement to afford him more parenting time with the children. Father also filed a motion to show cause regarding Mother's purported violation of the existing parenting plan. In response, Mother filed her own motion to show cause regarding Father's failure to pay the children's medical expenses.

{¶ 4} The juvenile court granted Father's request to appoint a guardian ad litem ("GAL") for the children and ordered the parties to submit to the juvenile court's diagnostic clinic for a psychological and custodial evaluation.

{¶ 5} Both parties subsequently submitted a proposed shared parenting plan, and when they could not agree on a new plan, the court scheduled the matter for trial.

{¶ 6} On September 26, 2023, the parties, their counsel, and the GAL appeared for trial before a magistrate. Prior to the start of the hearing, the parties mutually agreed to resolve the matter. In the magistrate's October 10, 2023 pre-trial order, she noted that "[c]ounsel for the parties read the terms of the agreement into the record. . . . This matter is continued for the parties to submit the fully executed agreement to the Court within 14 days." (Docket No. 222.)

{¶ 7} On November 14, 2023, Father filed a motion to adopt the agreed judgment entry that he, his counsel, and the GAL signed. In his motion, Father explained that Mother caused the delay in submitting the agreed entry because she disputed certain agreed-upon terms, requiring Father's counsel to obtain a copy of the audio recording from the September 26, 2023 hearing to verify the terms of the agreement. Despite confirming that the terms of the agreed judgment entry conformed with what the parties agreed to and placed on the record before the magistrate, Father explained in his motion that neither Mother nor her counsel signed the attached an agreed judgment entry. Father supported his motion with an email between his counsel and Mother's counsel reflecting that Mother's counsel initially prepared the agreed judgment entry, but that Father's counsel requested changes that "conform[ed] to what was specifically relayed and agreed to on the record." (Docket No. 225.)

{¶ 8} On December 8, 2023, the magistrate scheduled a status conference, and on December 11, 2023, the court granted Mother's counsel's request to withdraw from the case.

{¶ 9} On January 4, 2023, the magistrate conducted a hearing on Father's motion to adopt the agreed judgment entry. Mother obtained new counsel, who filed a notice of appearance the day before the hearing. All parties, their counsel, and the GAL were present. According to the magistrate's January 22, 2024 order,

> [Father's counsel] advised she was unable to secure Mother's signature [on the agreed judgment entry because] Mother raised objections to some terms of the agreement. [Mother's counsel stated] that Mother has a misunderstanding as to the parenting time schedule for the Summer and is requesting an adjustment due to the same. Father objects to Mother's request and asserts the terms, as written in the [agreed judgment entry], are the terms which all parties agreed to on the record.

(Docket No. 238.) The magistrate granted Father's motion to adopt the agreed judgment entry, finding that

> [the] proposed [agreed judgment entry], as written, reflects the terms of the agreement placed on the record and journalized October 10, 2023, Volume 241, Page 5803 and shall be adopted as the order of the Court. Mother's signature is not required as she knowingly, willing[,] and voluntarily consented to the terms of the agreement on the record.

*Id.* The magistrate, however, determined that the entry attached to Father's motion was illegible and requested Father's counsel to provide a legible copy to the court. *Id.*

{¶ 10} On February 13, 2024, the magistrate issued her decision finding that "on September 26, 2023, the parties knowingly, willingly, and voluntarily entered an agreement as to modification of the existing shared parenting plan and payment of the . . . GAL fees, detailed in an Agreed Judgment Entry attached as 'Exhibit A.' The Magistrate finds that the terms of the agreement are in the best interest of the [children]." (Docket No. 241.)

{¶ 11} On February 15, 2024, pursuant to Juv.R. 40(D)(4)(e) and Civ.R. 53(D)(4)(e) and following its independent review, the juvenile court affirmed, adopted, and approved the magistrate's decision.

### A. Mother Files Objections to the Magistrate's Decision

{¶ 12} On February 27, 2024, Mother filed timely factual objections to the magistrate's decision, contending that the agreed judgment entry deviated from the terms agreed upon and stipulated to by the parties in open court. Specifically, she challenged two terms in the agreement: (1) that summer visitation with Father should be from Thursday at 8:00 a.m. to Friday at 8:00 a.m., and not Friday at 9:00 p.m. as the agreement provided; and (2) that Father unilaterally changed the pre-existing right of first refusal clause. According to Mother, there was "no statement or discussion on the record" of either her or her counsel agreeing to these terms. Mother also generally objected to the magistrate adopting the agreed judgment entry because (1) Father failed to file a legible copy of the entry within the timeframe ordered by the magistrate, and (2) Mother did not sign the agreement.

{¶ 13} Mother did not request a transcript of either the September 26, 2023 or the January 4, 2023 hearings pursuant to Cuyahoga C.P., Juv.Div., Loc.R. 34(D),[1] nor did she seek leave of court pursuant to Juv.R. 40(D)(3)(b)(iii) for the

---

[1] Pursuant to Cuyahoga C.P. Juv.Div., Loc.R. 34(D), "an individual seeking an audio copy or transcript of a court hearing or case shall complete a 'Request for Transcript or Audio Copy of Hearing Form'. . . .The form and court order or notice shall be hand delivered to the Clerk's office." According to the rule, "transcripts provided shall conform to the National Court Reporter Association standards. All transcripts provided will be accompanied by a certification that the record and testimony as transcribed are complete and accurate."

court to consider alternative technology when reviewing the relevant evidence. Instead, Mother's counsel attached a self-prepared transcript of the purported audio recording of the September 26, 2023 magistrate's hearing.  Mother's objections also did not specify that she requested a written transcript or that she would supplement her objections once a written transcript was prepared.

### B.  Trial Court Overrules Objections

{¶ 14}  On April 22, 2024, the juvenile court addressed Mother's objections, noting that no transcript had been filed of the magistrate's hearings on September 16, 2023, and January 4, 2024.  After reviewing "the court file, the Magistrate's Decision, and the Objections," the juvenile court overruled Mother's objections and affirmed, approved, and adopted the magistrate's decision.  The court also referenced its prior February 15, 2024 order.

## II.  The Appeal

{¶ 15}  Mother now appeals, raising four assignments of error, which we will address out of order for ease of discussion.

### A. Denial of Continuance

{¶ 16}  Mother's second assignment of error states:

> The magistrate abused her discretion by denying her counsel's request for a continuance, despite counsel entering his appearance the day before the hearing and requiring time to review case materials.

{¶ 17}  Notwithstanding that the record before this court does not reveal that Mother sought a continuance of the January 4, 2024 hearing, we find that

Mother has waived this argument on appeal because she failed to raise this issue in her objections to the magistrate's decision.

{¶ 18} Under Juv.R. 40(D)(3)(b)(ii), an objection to a magistrate's decision must be "specific and state with particularity all grounds for objection." "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law . . . unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(b)(iv). Because Mother did not file any formal motion to continue or raise any challenge to the magistrate's purported denial of a continuance, this court will not consider this argument on appeal. *See, e.g., In re R.A.*, 2021-Ohio-4126 (8th Dist.) (where a party fails to raise an issue in its objections to a magistrate's decision, the party has waived the issue for purposes of appeal).[2]

{¶ 19} Mother's second assignment of error is overruled.

## B. Transcripts and Audio Recordings — Objections

{¶ 20} In her third and fourth assignments of error, Mother challenges the magistrate and juvenile court's purported failure to review the available audio recordings or informal transcript prior to adopting the agreed judgment entry and in overruling her objections. Those assignments of error state:

> III. The magistrate abused her discretion by failing to review the transcript or audio recording of the September [26], 2023

---

[2] Mother has not made any claim of plain error in this assignment of error.

> hearing, relying instead on the statements of substitute counsel, who had not been present at the original hearing.

IV. The [trial court] abused its discretion in striking down [Mother's] objections due to her failure to submit written transcripts, despite her submission of the available audio recordings of the hearing.

{¶ 21} Nothing in the record before this court supports Mother's assertion that the magistrate failed to review the audio recording of the September 26, 2023 hearing where the parties entered into a settlement agreement prior to trial and memorialized the terms on the record. The magistrate's decision specifically stated that the agreed judgment entry "reflects the terms of the agreement placed on the record and journalized October 10, 2023, Volume 241, Page 5803." Mother's unsupported assertions are insufficient to satisfy her burden of demonstrating error on appeal.

{¶ 22} We further find no abuse of discretion by the juvenile court in overruling Mother's factual challenges to the magistrate's decision and adopting the magistrate's decision because Mother failed to provide the court with an official and complete transcript of the magistrate's hearings. Despite Mother's assertion, she did not seek leave to submit the audio recording in lieu of a written transcript; rather, counsel prepared an informal and incomplete transcript of the September 26, 2023 hearing.[3]

---

[3] Mother filed an App.R. 9(B) record, which included official transcripts of the September 26, 2023 and January 3, 2024 hearings. Although this court is precluded from reviewing the transcripts for disposition, this court conducted a cursory review of the September 26, 2023 official transcript and noticed that the informal transcript Mother's counsel prepared and attached to her objections was incomplete. Comparing the official

{¶ 23} Juv.R. 40(D)(3)(b)(iii) provides that a party wishing to object to a magistrate's factual finding is required to support the objection with the transcript of the evidence submitted to the magistrate relevant to that finding. Where an objecting party fails to provide the trial court with the transcript of the proceedings, an appellate court is precluded from considering the transcript of the magistrate's hearing submitted with the appellate record. Juv.R. 40(D)(3)(b)(iv); *In re A.L.*, 2013-Ohio-5120, ¶ 12 (8th Dist.), citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995); *see also In re S.H.*, 2014-Ohio-4476 (8th Dist.) (transcript provided to appellate court cannot be considered when that same transcript was not provided to the trial court). Accordingly, the trial court did not abuse its discretion in finding that Mother failed to file the requisite transcripts. Mother's third and fourth assignments of error are without merit and they are overruled.

## C. Agreed Judgment Entry

{¶ 24} In her first assignment of error, Mother raises the following:

> The Magistrate abused her discretion by imposing [Mother's] signature on an illegible Agreed Judgment Entry (AJE) without resolving ongoing disputes about the terms, particularly the right of first refusal.

{¶ 25} Mother has not cited or directed this court to any case law that requires parties to subsequently execute the agreed judgment entry when the

---

transcript to the informal transcript reveals that the content of the first ten pages of the official transcript is not contained in the informal transcript. Of significance is the discussion regarding summer vacation and right of first refusal.

settlement terms are set forth on the record, in open court, and subsequently memorialized in a judgment entry adopted by the court. Accordingly, she has not complied with App.R. 16(A)(7).

{¶ 26} Nevertheless, this court has consistently held that "'where the [settlement] agreement is read into the record in open court and agreed upon [by the parties], the court may enter judgment adopting its terms.'" *In re J.E. P.-T.*, 2017-Ohio-536, ¶ 14 (8th Dist.), quoting *Bottum v. Jankovic*, 2013-Ohio-4914, ¶ 12 (8th Dist.). When the parties memorialize a settlement agreement on the record, the trial court may "approve a journal entry which accurately reflects the terms of the agreement, adopting the agreement as his judgment." *Richmond v. Evans*, 2015-Ohio-870, ¶ 33 (8th Dist.), citing *Bolen v. Young*, 8 Ohio App.3d 36, 37 (10th Dist. 1982), citing *Holland v. Holland*, 25 Ohio App.2d 98 (10th Dist. 1970); *see also Gulling v. Gulling*, 70 Ohio App.3d 410, 412 (9th Dist. 1990) ("An in-court settlement agreement may be adopted by the court, incorporated into judgment entry, and enforced even in the absence of written approval by one party.").

{¶ 27} Moreover, "when parties voluntarily enter into an oral settlement agreement in the presence of the court, the agreement constitutes a binding contract . . . and can only be set aside for the same reasons that any other contract could be rescinded, such as fraud, duress, or undue influence." *Barstow v. O.U. Real Estate, III., Inc.*, 2002-Ohio-4989, ¶ 37 (4th Dist.). In the absence of a motion seeking to set aside a settlement agreement entered into in the presence of the

court, the trial court may sign a journal entry reflecting or adopting the settlement agreement. *J.E. P.-T.* at ¶ 6.

{¶ 28} In this case, once the magistrate received the memorialized settlement agreement, there was nothing further for the magistrate to consider except whether the agreement was in the children's best interest, which is not an issue in this case. Mother did not raise any objections indicating that the modifications to the parenting agreement were not in the children's best interest.

{¶ 29} Moreover, Mother did not assert any claim of fraud, duress, or undue influence claims in her objections, but contended that she did not agree to two of the terms included in the agreed judgment entry. If Mother wished to challenge those terms as being unilaterally changed or included, it was incumbent on her to file a transcript of the September 26, 2023 hearing, supporting her objections to satisfy her burden of demonstrating the error in the magistrate's decision. As previously discussed, she did not.

{¶ 30} Accordingly, Mother's first assignment of error is overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR